COURT OF 
APPEALS
                                                 
SECOND DISTRICT OF TEXAS
                                                                 
FORT WORTH
 
 
                                        
NO. 2-04-497-CR
 
 
STEVEN 
JEFFREY JOHNSON                                                  
APPELLANT
 
                                                   
V.
 
THE STATE 
OF TEXAS                                                                
STATE
 
                                              
------------
 
        FROM 
COUNTY CRIMINAL COURT NO. 9 OF TARRANT 
COUNTY
 
                                              
------------
 
                                
MEMORANDUM 
OPINION[1]
 
                                              
------------
 

Appellant 
Steven Jeffrey Johnson appeals his conviction for driving while intoxicated 
(DWI).  Officer Darren Medlin, an 
officer with the Grapevine Police Department who initiated the stop of the 
vehicle driven by Johnson and who subsequently arrested Johnson for DWI, died 
prior to Johnson=s 
trial for DWI.  At trial, the State 
authenticated the videotape of the stop made by Officer Medlin=s 
dash-mounted video camera.  Trial 
was to the court, and the trial court ruled that portions of the videotape were 
admissible.  In a single point, 
Johnson complains that the trial court erred by denying his motion to suppress 
because the videotape from Officer Medlin=s 
patrol car fails to establish that Officer Medlin possessed reasonable suspicion 
to detain him or probable cause to arrest him.
The 
tape begins as Officer Medlin is driving behind the vehicle driven by 
Johnson.  The tape shows 
Johnson=s 
vehicle swerving over into the adjoining lane several times.  The tape shows Officer Medlin turn on 
his lights and initiate a stop.  
Officer Medlin conducted field sobriety tests, and the tape documents 
that Johnson failed the tests.[2]  Officer Medlin arrested Johnson for 
DWI.  The trial court denied 
Johnson=s 
motion to suppress the portion of the videotape documenting his stop and 
arrest.

The 
tape also recorded the events that occurred in the intoxilyzer room after 
Johnson=s 
arrest, but the trial court granted Johnson=s 
motion to suppress concerning this portion of the tape.  The trial court  sustained Johnson=s 
objection that Officer Medlin=s 
statements on the videotape concerning Johnson=s 
driving behavior constituted hearsay and indicated that the court would not 
consider those statements. 
At the 
conclusion of trial, based upon the admissible portions of the videotape and the 
remaining evidence, the trial court found that Johnson did not have normal use 
of his faculties when Officer Medlin stopped him.  The trial court found Johnson guilty of 
DWI and sentenced him to ninety days= 
confinement probated over two years and assessed a $700 fine.  This appeal 
followed.

Johnson 
argues that the tape alone is not enough to prove that Officer Medlin possessed 
reasonable suspicion to initiate a stop.[3]  We review a trial court's ruling on a 
motion to suppress evidence under a bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 
323, 327 (Tex. Crim. App. 2000).  We 
do not engage in our own factual review.  
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State, 118 S.W.3d 857, 861 (Tex. App.BFort 
Worth 2003, no pet.).  At a 
suppression hearing, the trial judge is the sole trier of fact and judge of the 
credibility of the witnesses and the weight to be given their testimony. 
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Therefore, we give almost total 
deference to the trial court's rulings on (1) questions of historical fact and 
(2) application-of‑law‑to‑fact questions that turn on an evaluation of 
credibility and demeanor.  
Johnson v. State, 68 S.W.3d 644, 652‑53 (Tex. Crim. App. 2002); 
Best, 118 S.W.3d at 861-62.  
However, we review de novo a trial court=s 
rulings on mixed questions of law and fact if they do not turn on the 
credibility and demeanor of witnesses.  
Johnson, 68 S.W.3d at 652-53.  When a trial court does not make express 
findings of historical facts, as is the case here, the facts are viewed in a 
light favorable to the trial court=s 
ruling.  See Loserth v. 
State, 963 S.W.2d 770, 774 (Tex. Crim. App. 1998). 


In 
determining whether a trial court's decision is supported by the record, we 
generally consider only evidence adduced at the suppression hearing because the 
ruling was based on it rather than evidence introduced later.  Rachal v. State, 917 S.W.2d 799, 
809 (Tex. Crim. App.), cert. denied, 519 U.S. 1043 (1996).  However, this general rule is 
inapplicable when the suppression issue has been consensually litigated by the 
parties during the trial on the merits.  
See id.  Here, because 
the trial court carried Johnson=s 
motion to suppress the videotape along with the bench trial, we consider the 
evidence admitted at trial in reviewing the trial court=s 
suppression ruling.

Stopping 
an automobile and detaining its occupants is a Aseizure@ 
within the meaning of the Fourth Amendment.  See, e.g., Spight v. 
State, 76 S.W.3d 761, 766 (Tex. App.BHouston 
[1st Dist.] 2002, no pet.); Morrison v. State, 71 S.W.3d 821, 827 (Tex. 
App.BCorpus 
Christi 2002, no pet.).  A peace 
officer's decision to stop an automobile is reasonable under the Fourth 
Amendment when the officer has reasonable, articulable suspicion that criminal 
activity may be afoot.  See Terry 
v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884 (1968); McQuarters v. 
State, 58 S.W.3d 250, 255 (Tex. App.BFort 
Worth 2001, pet. ref'd) (upholding stop based on reasonable suspicion that 
defendant was driving while intoxicated); Dowler v. State, 44 S.W.3d 666, 
669 (Tex. App.BAustin 
2001, pet. ref'd) (same).  
Reasonable suspicion exists when, based on the totality of the 
circumstances, the officer has specific articulable facts that lead him to 
conclude that the person is, has been, or soon will be engaged in criminal 
activity.  Woods v. State, 
956 S.W.2d 33, 38 (Tex. Crim. App. 1997).  
We hold that the admissible portions of the videotape viewed by the trial 
court and reviewed by this court, establish reasonable suspicion supporting 
Officer Medlin=s stop 
of Johnson to investigate the possible offense of DWI.  See McQuarters, 58 S.W.3d at 255; 
Dowler, 44 S.W.3d at 669.  
Once Johnson failed the field sobriety tests, Officer Medlin possessed 
probable cause to arrest him for DWI.  
See. e.g., McRae v. State, 152 S.W.3d 739, 749 (Tex. 
App.CHouston 
[1st Dist.] 2004, pet. ref=d) 
(recognizing officer had probable cause to arrest after appellant failed the 
field sobriety tests).  Accordingly, 
the trial court did not err when it denied Johnson=s 
motion to suppress.  See 
Carmouche, 10 S.W.3d at 327-28.  
We overrule Johnson=s sole 
point and affirm the trial court=s 
judgment.
 
 
SUE 
WALKER
JUSTICE
 
PANEL B:   DAUPHINOT, WALKER, and MCCOY, 
JJ.
 
DO NOT 
PUBLISH
Tex. 
R. App. P. 
47.2(b)
 
DELIVERED: December 1, 
2005




[1]See Tex. R. App. P. 
47.4.

[2]The State called Sergeant 
Jerry McDuff of the Dallas/Fort Worth International Airport Department of Public 
Safety as an expert witness, and he testified that the tape demonstrated 
Johnson=s failure of the field 
sobriety tests.  The trial court 
excluded Sergeant McDuff=s opinion that Johnson 
had committed a traffic violation and that Johnson was intoxicated.  

[3]Johnson frames his issue 
as including a violation of not only the Fourth Amendment of the United States 
Constitution but also article I, section 9 of the Texas Constitution.  Because Johnson provides no distinction 
between these two provisions in the analysis set forth in his brief, we limit 
our analysis to the Fourth Amendment.  
See Welch v. State, 93 S.W.3d 50, 52 (Tex. Crim. App. 
2002).